5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Wade A. GILMORE; Rhonna Gilmore, Defendants-Appellees.
 No. 92-30367.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1993.
Decided Aug. 17, 1993.
 
 Appeal from the United States District Court for the District of Alaska, No. CR-91-102-AJK; James K. Singleton, District Judge, Presiding.
 D.Alaska
 AFFIRMED
 Before: SCHROEDER, FLETCHER, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals the district court's grant of the defendants' motion to suppress evidence of marijuana seized in a warrantless search of their home. The district court ordered the evidence suppressed following the Gilmores' indictment on one count of manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 3
 The search of the second floor of the appellants' home, where the marijuana was growing, occurred after a lengthy conversation between the police officers and the Gilmores. Unfortunately, this conversation was imperfectly recorded. The magistrate, in an amended opinion, rejected Rhonna Gilmore's testimony that the officers had been refused entrance. The magistrate made general credibility findings in favor of the police. The magistrate concluded that there had been implied consent to enter and search.
 
 
 4
 The district court accepted the magistrate's credibility determinations, but found that the Gilmores' statements were equivocal and did not demonstrate the requisite voluntary consent necessary under the Fourth Amendment to permit the warrantless search. United States v. Shaibu, 920 F.2d 1423 (9th Cir.1990). The transcript of the conversation between the Gilmores and the police supports the district court's ruling for it does not contain unequivocal consent to enter and search. It reflects that in lieu of consent to enter, the officers may have followed Gilmore into the house while he obtained identification. It further reflects that they suggested Gilmore would be more favorably treated if he permitted the search, a dialogue carrying an implicit threat of punishment for insisting upon his Fourth Amendment right to a warrant. The district court's finding of no voluntary consent was not clear error.
 
 
 5
 In the alternative, the government contends that even if the defendants did not consent to the search, the lack of a warrant does not require suppression because the evidence would have been discovered inevitably. The government relies upon Nix v. Williams, 467 U.S. 431 (1984). The discovery of the evidence was "inevitable" according to the government, because once Gilmore admitted that there was marijuana on the premises the government had probable cause to obtain the warrant. The district court and the magistrate properly recognized that the mere existence of probable cause, which is necessary in order to obtain a warrant, cannot substitute for the Fourth Amendment's requirement that a warrant be obtained. Absent a showing of exigent circumstances, probable cause, in and of itself, does not obviate the need for a warrant. Payton v. New York, 445 U.S. 573 (1980).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3